OBREGON, Respondent, v. DE LIMA, Appellant, et al. (City Court of New York, General Term. May, 1901.) Action by Pario Emilio Obregon against Elias A. A. De Lima and others. Weil & Weil (Arnold Charles Weil, of counsel), for appellant. Parsons, Shepard & Ogden (Wm. Mason Smith, H. B. Closson, of counsel), for respondent.

CONLAN, J. The affidavit upon which the order to examine the defendant was granted is in our view amply sufficient on which to have granted the application. It presents a case under subdivision 4 of section 872 of the Code of Civil Procedure, which in our mind entitles the plaintiff to the relief asked. Subdivision 4 provides that the affidavit shall set forth the name and residence of the person to be examined, and that the testimony of such person is material and necessary for the party making such application, or the prosecution or defense of such action. The affidavit not only does this in the precise language of the section and subdivision, but it does a great deal more; and the defendant, whose examination is sought, could in no manner be prejudiced by an examination such as is asked for, and had in accordance with the provisions of the section. This case may well be distinguished from that of Bank v. Sinclair (in this court) 16 N. Y. Supp. 88. Here the examination is not asked for so as to dispense with the necessity of procuring other or absent witnesses. The reason for it is more plainly stated, that the foreign witness upon whom the plaintiff might confidently rely is a resident of a country afflicted with serious political and internecine strife, and other reasons are given why his attendance could not be procured at the trial, or his evidence obtained on

commission, and the object is to prevent surprise on the trial. The defendants do not, in our view of the case, present any substantial or well-founded reason for interfering with the result reached at special term, and the order appealed from should therefore be affirmed, with costs. Order affirmed, with costs.

HASCALL and O'DWYER, JJ., concur.

